**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CHRISTINA ELLEN KLEBART, | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 25-728-JLH-LDH |
| FRANK BISIGNANO, Commissioner, Social Security Administration, | ) | |
| Defendant. | ) | |

FILED
AUG 24 2026
U.S. DISTRICT COURT DISTRICT OF DELAWARE

**REPORT & RECOMMENDATION**

Plaintiff Christina Ellen Klebart ("Plaintiff") appeals from an unfavorable decision by the Commissioner of the Social Security administration ("Commissioner") denying her application for disability insurance benefits ("DIB"). (D.I. 2). Consistent with the Court ordered briefing schedule (D.I. 12), the parties filed cross motions for summary judgment. (D.I. 13, 14, 16, 17, 18). For the following reasons, I recommend that Plaintiff's motion for summary judgment (D.I. 13) be GRANTED, and Defendant's cross-motion for summary judgment (D.I. 16) be DENIED.

## I. LEGAL STANDARD

Courts have plenary review over the Commissioner's legal conclusions but review the Commissioner's factual findings for "substantial evidence." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011). Substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Benyhill*, 587 U.S. 97, 103 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . is 'more than a mere scintilla.'"

*Biestek*, 587 U.S. at 103. In reviewing whether substantial evidence supports the Commissioner's findings, courts may not "re-weigh the evidence or impose their own factual determinations." *Chandler*, 667 F.3d at 359; *see also Zirnsak v. Colvin*, 777 F.3d 607, 610–11 (3d Cir. 2014). In other words, reviewing courts must affirm the Commissioner if substantial evidence supports the Commissioner's decision, even if they would have decided the case differently.

To determine if a claimant is disabled, the Commissioner follows a five-step sequential inquiry. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v). The Third Circuit has previously explained this sequential analysis, and the shifting burdens that attend each step, in detail:

> The first two steps involve threshold determinations. In step one, the Commissioner must determine whether the claimant currently is engaging in substantial gainful activity. If a claimant is found to be engaging in substantial gainful activity, the disability claim will be denied. In step two, the Commissioner must determine whether the claimant has a medically severe impairment or combination of impairments. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. In step three, the Commissioner compares the medical evidence of the claimant's impairment to a list of impairments presumed severe enough to preclude any gainful work. If the impairment is equivalent to a listed impairment the disability claim is granted without further analysis. If a claimant does not suffer from a listed impairment or its equivalent, the analysis proceeds to steps four and five. Step four requires the ALJ to consider whether the claimant retains the residual functional capacity to perform his past relevant work. The claimant bears the burden of demonstrating an inability return to his past relevant work. If the claimant does not meet the burden the claim is denied.
>
> If the claimant is unable to resume his former occupation, the evaluation moves to the final step. At this stage, the burden of production shifts to the Commissioner, who must demonstrate the claimant is capable of performing other available work in order to deny a claim of disability. The Commissioner must show there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his or her medical impairments, age, education, past work experience, and residual functional capacity. The ALJ must analyze the cumulative effect of

> all the claimant's impairments in determining whether he is capable of performing work and is not disabled.

*Newell v. Comm'r of Soc. Sec.*, 347 F.3d 541, 545–46 (3d Cir. 2003) (internal citations omitted). The analysis is identical whether an application seeks disability insurance benefits or supplemental security income. *McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360 n.3 (3d Cir. 2004).

## II. BACKGROUND

On July 19, 2022, Plaintiff filed an application for DIB due to bipolar disorder, depression, post-traumatic stress disorder ("PTSD"), problems with her back, knees, ankles and hands, carpal tunnel, fibromyalgia, migraines, eye problems, seizures, and narcolepsy during the relevant period between her alleged onset date, June 15, 2021, and her date last insured ("DLI"), September 30, 2026. (D.I. 8 (hereinafter, "Tr.") at 70, 183–95, 267). Plaintiff's claim was denied twice: initially on November 28, 2022, and upon reconsideration on April 24, 2023. (*Id.* at 103–07, 110–13). Following these denials, Plaintiff requested a hearing before an administrative law judge ("ALJ"). On June May 1, 2024, a hearing was held before ALJ Anthony Reeves who ultimately denied Plaintiff's request for benefits. (*Id.* at 17–29). Plaintiff subsequently initiated this action seeking judicial review of the ALJ's decision. (D.I. 2).

## III. DISCUSSION

Plaintiff argues that the ALJ failed to properly evaluate her subjective claims about her condition and the medical opinion of one of her providers, and that these failures are reversible error. (D.I. 14). I agree in part. Specifically, Plaintiff argues that the ALJ's opinion is unsupported by substantial evidence because he improperly rejected Plaintiff's claims regarding her impairments of cervical radiculopathy, rotator cuff syndrome, carpal tunnel syndrome, and narcolepsy, and he failed to properly evaluate the medical opinion of Dr. David Nixon. (*Id.* at 2). It is not for me to "re-weigh the evidence or impose [my] own factual determinations" even if I

disagree with the determination of the ALJ. *Chandler*, 667 F.3d at 359. Rather, I can only determine whether the ALJ's opinion is supported by substantial evidence; a bar which is "not high" and is "only more than a mere scintilla." I address each of Plaintiff's arguments in turn.

An ALJ is required to consider all relevant evidence in the record in determining whether a claimant is disabled. *Zirnsak*, 777 F.3d at 614 (citing *Adorno v. Shalala*, 40 F.3d 43, 48 (3d Cir. 1994). Notably, however, medical opinions and prior administrative medical findings are not entitled to deference or any specific evidentiary weight as a general matter. 20 C.F.R. § 404.1520c(a) ("[w]e will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)"). An "ALJ is free to accept some medical evidence and reject other evidence, provided that he provides an explanation for discrediting the rejected evidence." *Zirnsak*, 777 F.3d at 614. Statements about whether an applicant's impairments meet or are medically equivalent to any listing at step three are neither inherently valuable nor persuasive as they speak to questions reserved for the commissioner. 20 C.F.R. § 404.1520b(c)(3)(iv).

The Social Security Administration has specific rules for how an ALJ must articulate his consideration of medical opinions and prior administrative medical findings. In particular, the regulations provide several factors that an ALJ may consider when evaluating medical opinions, but the two most important factors are supportability and consistency. *Id.* §§ 404.1520c(b)(2), 404.1520c(c). Supportability refers to the extent to which an opinion is persuasive based on the relevance of the objective medical evidence and supporting explanations presented by the medical source offering the opinion. *Id.* § 404.1520c(c)(1). Consistency refers to an opinion's consistency with evidence from other sources in the record, both medical and non-medical. *Id.* § 404.1520c(c)(2). Regardless of the other factors, an ALJ must specifically set forth

his analysis of supportability and consistency in determining whether medical opinions or findings are persuasive. *Id.* § 404.1520c(b)(2).

Plaintiff challenges the ALJ's evaluation of Dr. Nixon's opinion. (D.I. 14 at 16–18). When determining the persuasiveness of any medical opinion being reviewed, an ALJ must, at minimum, discuss the "most important" factors of consistency and supportability. 20 C.F.R. § 404.1520c(b)(2)–(3). B19F/35, B27F/3, 15

For consistency, the ALJ found that Dr. Nixon's conclusions regarding Plaintiff's moderate, marked, and extreme limitations were inconsistent with the record as a whole. Consistency is the extent to which the medical opinion is consistent with other evidence. 20 C.F.R. §§ 404.1520c(c)(2). Specifically, the ALJ determined that "evidence from other sources show the claimant exhibited intact concentration on multiple occasions . . . which is inconsistent with extreme limitation in the ability to maintain and concentrate for extended periods." (Tr. at 21). Though this analysis is brief, it at least allows the court to conduct meaningful review of how and why the ALJ reached his conclusion because the ALJ describes why Dr. Nixon's opinion was found unpersuasive.

While I disagree with Plaintiff in respect to her argument about consistency, I agree on supportability. Supportability is a measure of the relevancy of "objective medical evidence and supporting explanations *presented by a medical source* . . . to support his or her medical opinion(s)." 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1) (emphasis added). Failure to evaluate supportability is error. While an ALJ is not required "to use particular language or adhere to a particular format in conducting [the] analysis," the decision must contain "sufficient development of the record and explanation of findings to permit meaningful review." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004) (citing *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 115 (3d

Cir. 2000)). The Court "need[s] from the ALJ not only an expression of the evidence he considered which supports the result, but also some indication of the evidence which was rejected." *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981); *see Burnett*, 220 F.3d at 121 ("Although the ALJ may weigh the credibility of the evidence, he must give some indication of the evidence which he rejects and [the] reason(s) for discounting such evidence.") (citing *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)).

The ALJ's discussion of Dr. Nixon's opinion and its persuasiveness is two sentences. (Tr. at 21). Although the first sentence of this analysis purports to be that of supportability, it reads more so one of inconsistency. The ALJ reasoned that "The opinion is not supported by his mental status examinations. For instance, while the claimant was noted as exhibiting poor attention and concentration at times, she generally exhibited no significant abnormalities during mental status examinations." (*Id.*). However, The ALJ's second citation in support of his supportability determination is one where Dr. Nixon notes that Plaintiff had poor attention/concentration. (Tr. at 1249). No further explanation as to why this is not "abnormal" is provided, nor is there an analysis of other evidence in the record that either does or does not support Dr. Nixon's opinion.

Thus, the ALJ failed to explain *how* he considered the supportability factor.[1] This is not harmless error because the ALJ provided no mental health limitations in Plaintiff's RFC. (tr. at

---

[1] *See Bruce T. v. Comm'r of Soc. Sec.*, C.A. No. 21-20289, 2022 WL 10025372, at *6 (D.N.J. Oct. 17, 2022) (finding an ALJ's statement that a doctor's testimony was "not supported by the objective evidence and [in]consistent with the other evidence of record" was insufficient to conduct a meaningful review of the supportability and consistency of the opinion); *Cynthia D. v. Kijakazi*, C.A. No. 21-18011, 2022 WL 13847126, at *5 (D.N.J. Oct. 24, 2022) (remanding because "[t]he ALJ is required to explain *how* she evaluated the supportability of [the doctor's] opinion, and the Court cannot even determine whether she did so from these few cursory statements.").

24–27). Absent further insight into why the ALJ reached his determination about supportability, this Court is unable to conduct a meaningful review. [2]

## IV. CONCLUSION

For the reasons set forth above, I recommend that Plaintiff's motion for summary judgment be GRANTED, and the case REMANDED for further administrative proceedings in accordance with the findings contained herein. Accordingly, I recommend that Defendant's cross-motion for summary judgment be DENIED.

Because I have recommended that the case be remanded to the ALJ so that he can make a sufficient record with respect to, *inter alia*, Dr. Nixon's opinion, *see supra*, Plaintiff's additional claims of error may be remedied through the case's treatment on remand. "A remand may produce different results on these claims, making discussion of them moot." *Brown v. Saul*, No. 18-1619-MEM-GBC, 2020 WL 6731732, at *7 (M.D. Pa. Oct. 23, 2020), *report and recommendation adopted*, 2020 WL 6729164, at *1 (M.D. Pa. Nov. 16, 2020); *accord Marilyn G.D. v. Comm'r of Soc. Sec.*, No. 21-494-KM, 2022 WL 855684, at *8 (D.N.J. Mar. 22, 2022); *LaSalle v. Comm'r of Soc. Sec.*, No. 10-1096-DWA, 2011 WL 1456166, at *7 (W.D. Pa. Apr. 14, 2011); *Bruce v. Berryhill*, 294 F. Supp. 3d 346, 364 (E.D. Pa. 2018). Accordingly, I decline to address them further.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), (C), Federal Rule of Civil Procedure 72(b)(1), and D. Del. LR 72.1. Any objections to the Report and Recommendation shall be filed within fourteen days and limited to ten pages. Any response shall be filed within fourteen days thereafter and limited to ten pages. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court. The

---

[2] Because I find remand appropriate on the issue of Dr. Nixon's opinion, I decline to address Plaintiff's complaints that the ALJ's determination of her subjective complaints was inconsistent with the record before him.

parties are directed to the Court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated March 7, 2022, a copy of which can be found on the Court's website.

Dated: August 24, 2026

Laura D. Hatcher
United States Magistrate Judge